**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JELANI WALKER,

      Petitioner,

  v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:19-CV-1740
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On October 28, 2019, the Magistrate Judge issued a Report and Recommendation recommending that this action be dismissed. (ECF No. 12.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 13.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 13) is **OVERRULED**. The Report and Recommendation (ECF No. 12) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

As his sole ground for relief, Petitioner asserts that the prosecutor unconstitutionally obtained his convictions through the filing of a second superseding indictment after testing of the substance police found in Petitioner's car indicated that it contained Pentylone, rather than heroin, and the trial court had denied the prosecution's motion to amend the aggravated trafficking charge under O.R.C. § 2925.03(A)(1) to (A)(2). Petitioner objects to the Magistrate Judge's recommendation of dismissal of this claim as procedurally defaulted due to his failure to raise the claim on direct appeal. He again argues that the denial of the effective assistance of appellate counsel establishes cause for his procedural default. Petitioner maintains that the

prosecutor acted in bad faith, and improper amendment of the indictment violated due process and denied him fair notice of the charges.

These arguments are not persuasive. Petitioner has plainly procedurally defaulted his sole ground for relief by failing to raise it on direct appeal. *See Gurkovich v. Clipper*, No. 1:16-cv-02202-BYP, 2019 WL 2347400, at * (N.D. Ohio April 30, 2019) ("In the instance of claims arising from facts appearing in the record, such claims must be fairly presented to Ohio courts or the claim would be procedurally defaulted in federal court on the grounds of *res judicata*, which is well-recognized as bar to consideration of a claim by the federal habeas court.") (citing *Van Hook v. Anderson*, 127 F.Supp. 2d 899, 916-17 (S.D. Ohio 2001)). The state courts were not given the opportunity to enforce the procedural rule due to the nature of Petitioner's procedural default. See spence v. Sheets, 675 F.Supp.2d 792, 826 (S.D. Ohio 2009). Moreover, and as discussed by the state appellate court, the changes to the original charges brought against Petitioner were made through the filing of two separate superseding indictments after presentment to a grand jury, and not through a motion to amend under Ohio Criminal Rules. (*Entry Denying Application to Reopen Appeal*, ECF No. 4, PAGEID # 447-52.) This procedural complied with both Ohio and federal law and did not deprive Petitioner of fair notice of the charges against him.

For these reasons, and for the reason detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 13) is **OVERRULED**. The Report and Recommendation (ECF No. 12) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In

contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claim as procedurally defaulted. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith such that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

Date: November 15, 2019

                                                     s/James L. Graham  
                                                     JAMES L. GRAHAM  
                                                     UNITED STATES DISTRICT JUDGE